# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

No. 3:21-cv-0153

Lisa Marie Searcy, GCJ #347183, Plaintiff,

v.

Drug Enforcement Agency, *et al.*, Defendants.

## ORDER TO TRANSFER

Jeffrey Vincent Brown, United States District Judge.

The plaintiff Lisa Marie Searcy is a pretrial detainee in the Galveston County Jail. Searcy filed this civil-rights action under 42 U.S.C. § 1983 claiming that multiple defendants violated her rights in connection with a lawsuit in Harris County. She sues multiple defendants, including the Houston office of the Drug Enforcement Agency, the Houston office of the Federal Bureau of Investigation, the City of Houston, Harris County, and multiple public officials and attorneys in Houston. She also names two defendants in Austin. She identifies no defendants in Galveston County or elsewhere in the Galveston Division of the Southern District of Texas.[1]

---

[1] The court notes that, since March 2021, Searcy has filed multiple other cases in the Galveston Division. *See Searcy v. Trochesset*, Civil Action No. 3:21-0054 (civil-rights action); *Searcy v. Paxton*, Civil Action No. 3:21-0113 (civil-rights action); *Searcy v. State Bar of Texas Office of Chief Disciplinary Counsel*, Civil Action No. 3:21-0114 (civil-rights

Federal statute provides that a civil action may be brought in (1) "a judicial district in which any defendant resides," (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or (3) "if there is no district where the action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). A district court has authority to transfer a case in the interest of justice to another district or division in which the action might have been brought. *See* 28 U.S.C. § 1404(a), § 1406(a). In particular, § 1404 authorizes a transfer based on considerations of convenience:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought . . .

28 U.S.C. § 1404(a). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).

In this case, neither the defendants nor the events asserted by the plaintiff have a connection to the Galveston Division. Therefore, the complaint was not properly filed here. *See* 28 U.S.C. § 1391(b); *Mayfield v. Klevenhagen*, 941 F.2d

---

action, consolidated with Civil Action No. 3:21-0113); *Searcy v. Paxton*, Civil Action No. 3:21-0115 (civil-rights action, consolidated with Civil Action No. 3:21-0113); *Searcy v. Office of Attorney General, Child Support Division*, Civil Action No. 3:21-0116 (civil-rights action, consolidated with Civil Action No. 3:21-0113); *Searcy v. Darring*, Civil Action No. 3:21-0117 (civil-rights action, consolidated with Civil Action No. 3:21-0113); *Searcy v. Judge Grady*, Civil Action No. 3:21-143 (mandamus action); *Searcy v. Trochesset*, Civil Action No. 3:21-0144 (habeas corpus action); *Searcy v. State of Texas*, Civil Action No. 3:21-0154 (mandamus action); *Searcy v. Trochesset*, Civil Action No. 3:21-155 (habeas corpus action).

346, 348 (5th Cir. 1991). In the interest of justice, and for the convenience of the parties and witnesses, the court concludes that Searcy's complaint should be transferred to the division where the defendants are located and the alleged events giving rise to her claims occurred.

Therefore, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the United States District Court for the Southern District of Texas, Houston Division.

The Clerk will provide a copy of this order to the plaintiff.

Signed on Galveston Island this 24th day of June, 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE